USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ROBERT PEREZ JIMENEZ,

          Plaintiff,

      -against-

ADAM J. WEISBLATT AND DANIELLE M.
GOLLINGER,

          Defendants.

1:25-cv-07277-MKV

<u>REMAND ORDER</u>

MARY KAY VYSKOCIL, United States District Judge:

On September 2, 2025, Defendants Adam J. Weisblatt and Danielle M. Gollinger removed this case from the Supreme Court of the State of New York, County of Bronx. [ECF No. 1 ("Notice of Removal" or "Notice")]. To date, Plaintiff Jose Robert Perez Jimenez has not appeared in this action. The Court—as it is independently obligated to do—has assessed whether removal was proper, and whether the Court therefore has subject matter jurisdiction to hear this action. *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017). The Court concludes that it is without subject matter jurisdiction to hear the case, and, as such, the case must be remanded to state court for any further proceedings.

## **BACKGROUND**

Plaintiff commenced this action on June 10, 2025, in Supreme Court of the State of New York, Bronx County. [*See generally* ECF No. 1-1 ("Complaint" or "Compl.")]. Plaintiff alleges that Mr. Weisblatt collided with his car. Compl. ¶¶ 4-26. Plaintiff alleges that the collision and his injuries resulting therefrom were due solely to the careless and negligent way Defendants "own[ed], operat[ed], maintain[ed], and control[ed]" their car. Compl. ¶¶ 24-25. Plaintiff alleges he sustained "economic loss" in excess of "basic economic loss" as that term is defined in "Article

51 of the Insurance Law of the State of New York." Compl. ¶ 27. Section 5102 of New York State Insurance law defines "basic economic loss" as loss "up to fifty thousand dollars." N.Y. Ins. Law § 5102(a) (McKinney). Plaintiff also claims he is entitled to recover $10,000 for damage to his vehicle. Compl. ¶ 33. Lastly, Plaintiff demands damages in an amount "exceeding the monetary jurisdictional limits of all lower courts" in New York state. Compl. ¶ 29.

Plaintiff's summons and complaint were allegedly served on Defendants on August 11, 2025. Notice at 1. On September 2, 2025, Defendants removed this action to federal court. Defendants allege that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). Notice at 1. According to the Complaint, the parties are diverse. Plaintiff is a citizen of New York, and the Defendants are citizens of Connecticut. Compl. ¶¶ 1-3. Defendants assert that "the Complaint alleges that plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC § 1332(a) exclusive of interest of costs." Notice at 2. Defendants also assert that the amount-in-controversy requirement under 28 U.S.C. §1332(a) is satisfied because Plaintiff's counsel made a settlement demand of $230,000 while having a phone call with Donna M. Steves, a "Progressive claims representative," on July 31, 2025. [Notice at 2; *see also* Affidavit of Donna M. Steves, ECF No. 1-2 ("Steves Aff.")].

On October 3, 2025, the Court ordered Plaintiff to show cause why this case should not be remanded for lack of jurisdiction. [ECF No. 3]. The Court explained that Defendants fail to provide any explanation for their assertion that the Complaint alleges damages that exceed $75,000. [ECF No. 3]. Further, the Court explained that Defendants provided "no explanation of how Progressive plays a role in this case and no legal authority for the proposition that a demand made on an insurance company and not on the defendants or in a complaint is sufficient to satisfy the required amount in controversy in a diversity action." [ECF No. 3]. Defendants timely responded to the Court's Order to Show Cause with a letter and an exhibit. [ECF No. 4].

2

**DISCUSSION**

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citation omitted). In addition to establishing diversity of citizenship, Defendants also bear the burden of proving that the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332(a) is satisfied.  *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994).  Where a complaint does not clearly state the amount in controversy, the removing party must "allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount."  *Id.* at 273.  Federal courts must "construe the removal statute narrowly, resolving any doubts against removability." *O'Neill v. Michaels Companies, Inc.*, No. 25-CV-4895 (PMH), 2025 WL 1720789, at *1 (S.D.N.Y. June 20, 2025) (quoting *Lupo*, 28 F.3d at 274).

In response to this Court's Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction, Defendants appear to abandon the argument that Plaintiff's complaint alleges damages exceeding $75,000 on its face.  [*See* ECF No. 4].  In any event, such an argument fails.  As described above, the Complaint only makes conclusory allegations that Plaintiff's damages exceed basic economic loss ($50,000), is in excess of the jurisdictional limit of all lower courts in New York State, and that Plaintiff suffered $10,000 in damage to his vehicle. At most this alleges damages in excess of $60,000.  This is insufficient for the Court to conclude that the amount in controversy requirement is satisfied.  *See Stewart v. Singh*, No. 25-CV-1138, 2025 WL 3072884, at *1, *8 (E.D.N.Y. Nov. 4, 2025) (remanding case where plaintiff alleged he sustained a serious injury and suffered economic damages in excess of basic economic loss as understood under Section 5102 of the Insurance Law of the State of New York); *see also Lee v. Uber Techs.*, No. 24-CV-5890 (JMF), 2024 WL 3758405, at *1 (S.D.N.Y. Aug. 12, 2024) (finding allegations that Plaintiff "sustained economic loss greater than basic economic loss as defined by

New York Insurance Law § 5102(a), and that Plaintiff suffer[ed] loss in the excess of the jurisdictional limits of New York State's lower courts" insufficient to satisfy the amount in controversy requirement) (citation omitted) (alteration in original).

In their letter responding to this Court's Order to Show Cause, Defendants rely entirely on Ms. Steves' affidavit in arguing that the amount in controversy requirement is satisfied. [ECF No. 4]. Defendants explain that they are insureds of Progressive Insurance Company and Ms. Steves is a claims adjuster for Progressive. [ECF No. 4]. According to her affidavit, Ms. Steves claims that, on July 31, 2025, Plaintiff's counsel orally demanded $230,000 "to settle the matter as plaintiff has alleged injuries to his neck, back and bilateral shoulders and underwent a shoulder surgery." Steves Aff. However, "district courts in this circuit . . . have held that an oral settlement demand is not a sufficient basis for removal." *Hogue v. BJ's Wholesale Club*, No. 22-CV-4829 (PMH), 2022 WL 2256291, at *2 (S.D.N.Y. June 23, 2022). Even if the oral settlement demand memorialized by Ms. Steves could be sufficient, the oral demand provides no "indication of how [plaintiff's counsel] arrived at that figure, or why it is a reasonable demand in light of [plaintiff's] injuries" to his neck, back, and bilateral shoulders. *Stewart*, 2025 WL 3072884, at *9 (finding oral settlement demand of $1,000,000 insufficient where the demand "does not provide any indication of how [plaintiff] arrived at that figure, or why it is a reasonable demand in light of [plaintiff's] injuries, thus entitling it less credibility"). This is so because "[s]ettlement negotiations are not a reliable indicator of the actual amount in controversy." *Agbahwe v. Target Corp.*, No. 22-CV-5927(DLI)(JRC), 2022 WL 13685448, at *2 (E.D.N.Y. Oct. 21, 2022); *Est. of Gallo v. Bob Evans Rest.*, No. 17-CV-118 (LJV) (JJM), 2018 WL 4932083, at *1 (W.D.N.Y. July 27, 2018) (noting that "settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages") (cleaned up)

4

Defendants nonetheless claim that by submitting a written affidavit from Ms. Steves they are submitting "more than just an oral settlement demand." [ECF No. 4]. However, Defendants cite no authority to support the proposition that an affidavit memorializing an oral settlement demand can satisfy the amount in controversy requirement. [ECF No. 4]. In any event, courts have found that oral settlement demands memorialized in writing *by a plaintiff* to be insufficient to satisfy the amount-in-controversy requirement, where, like here, there is no indication of how Plaintiff arrived at the specific settlement number. *See Elzoghary v. Zelaya-Monge*, No. 23-CV-5353(DLI)(PK), 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (finding email from plaintiff counsel indicating that Plaintiff's settlement demand was $375,000 to be insufficient because there was no indication of how plaintiff arrived at the number and "neither the Complaint nor the Notice provide any information concerning the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses or damages Plaintiff purportedly suffered").

Lastly, Defendants make much of the fact that Plaintiff has met Ms. Steves' affidavit "with silence." [ECF No. 4]. However, Plaintiff has yet to appear and thus the lack of a response is immaterial. *See Oakes v. Cheesecake Factory Rests.*, Inc., No. 20-CV-00269, 2020 WL 2850149, at *2 (N.D.N.Y. June 2, 2020) ("In this Circuit, courts have found that defendants have not met their burden to show that there is a reasonable probability that the amount in controversy exceeds $75,000 when the plaintiff fails to respond to the Notice to Admit.").

For these reasons, and given Congress's mandate to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274, the Court concludes that Defendants have failed to meet their burden to establish subject-matter jurisdiction. Accordingly, is hereby ORDERED that this case be REMANDED to the Supreme Court of New York, Bronx County.

The Clerk of Court is respectfully requested to remand and close this case.

5

**SO ORDERED.**

**Date:  December 16, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

6